IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| American Resources Insurance Company, | ) | Civil Action No.: 4:08-cv-03314-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR PARTIAL** |
| Robert Palmer and Magdeline Palmer, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a declaratory judgment action filed by American Resources Insurance Company ("Plaintiff") concerning the obligations of Plaintiff to pay Robert and Magdeline Palmer ("Defendants") under a commercial hazard insurance policy.

This matter is before the Court with Plaintiff's [Docket Entry 31] Motion for Partial Summary Judgment on the issue of "Business Income" coverage filed on November 2, 2009. The Court held a hearing on the Motion on June 30, 2010. For the reasons set out below, the Court denies Plaintiff's Motion.

**Background**

In September 2007, Defendants' business, the Olanta Royal Market, was damaged by fire. Defendants had operated the Olanta Royal Market as a convenience store since its purchase in 2003. As a result of the fire, the business was destroyed and has not subsequently been re-opened. In is undisputed that at the time of the fire the Olanta Royal Market was insured by Plaintiff.

In its partial summary judgment motion, Plaintiff contends that Defendants are not entitled to any monies from "Business Income" coverage. First, Plaintiff maintains that

Defendants had closed the store at the time of the fire. Second, Plaintiff argues that, even if the store were open at the time of the fire, Defendants have failed to show a loss of business income.

**Relevant Policy Language**

The insurance policy in question states the following regarding "Business Income" coverage, in pertinent part:

> We will pay you for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. . . .
>
> With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:
>
> > a. The portion of the building which you rent, lease or occupy; and
> >
> > b. Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

Business Income Coverage Form [Docket Entry 46-1] at 1.

Additionally, the insurance policy in question specifically defines "Business Income" as follows:

> 1. Business Income means the:
>
> > a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and
> >
> > b. Continuing normal operating expenses incurred, including payroll.

*Id.*

## **Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

**Discussion**

I.  Coverage

Plaintiff argues that Defendants "have presented no evidence that the fire of September 27, 2007, damaged a rented, leased, or occupied portion of the insured premises and therefore no coverage exists for Business Income Loss." Motion for Summ. J. at 3. Essentially, Plaintiff contends that Defendants had permanently closed the store at the time of the fire and therefore no coverage exists. Plaintiff cites to Defendant Magdeline Palmer's ("Mrs. Palmer") own deposition testimony for support. Mrs. Palmer testified that she and her husband intended to close the Olanta Royal Market when they ran out of gas. Mrs. Palmer Depo., Tr. p. 54. Mrs. Palmer further testified that they ran out of gas in late August 2007 or early September 2007, and that the store had been shut down for "almost a month" prior to the fire. *Id.* at 55. Finally, when Mrs. Palmer left for vacation prior to the fire, she "had put a sign on the door [of the Royal Olanta Market] on vacation from this day to this day. Will reopen downsizing next door." *Id.* Plaintiff argues that these statements show that Defendants had permanently closed the Olanta Royal Market prior to the fire, and only intended to reopen the store next door, a location not insured by Plaintiff.

On the other hand, Defendants maintain that they had not permanently closed the store at the time of the fire, but that it was only temporarily closed while Defendants were on vacation. Mrs. Palmer testified that she had removed beer and potato chips from the Olanta Royal Market "before [they] closed to go on vacation." *Id.* at 49. She also stated that they had been in the store the Monday prior to the fire, and that several employees still had keys to the store. *Id.* at 50. Finally, while the sign Mrs. Palmer placed on the door of the Olanta Royal Market mentioned

reopening next door to the store, the sign also stated that Defendants were "on vacation from this day to this day." *Id.* at 55.

While the Court questions whether Defendants had, in fact, only temporarily closed the store while they were on vacation, rather than permanently shutting the door, the Court finds that, in taking the evidence in the light most favorable to Defendants, there are genuine issues of fact such that summary judgment should not be granted at this stage.

II. <u>Monies Owed</u>

Plaintiff maintains that, even if there was coverage at the time of the fire, no monies are owed as Defendants did not suffer a compensable loss of Business Income. First, Plaintiff argues that Defendants "have failed to present any evidence showing that but for the fire, they would have earned a net income." Motion for Summ. J. at 5. Plaintiff points to the fact that Defendants testified that the Olanta Royal Market had operated at loss of about $50,000 per year, every year since they had owned the store. Mrs. Palmer Depo., Tr. p. 44. Second, Plaintiff argues that Defendants "have failed to provide any proof of operating expenses, including payroll, that were expended after the date of loss." Motion for Summ. J. at 5. As a matter of fact, Defendants admitted at the hearing that they have not opened the store since the fire, and that they have not paid any employee salaries since the fire. Accordingly, Plaintiff contends that no monies are owed as Defendants have not established that they suffered a loss of Business Income.

Defendants, on the other hand, generally argue that "[a]lthough the business sustained losses over the years, due primarily to employee theft (plaintiff's Exhibit I, p. 6, lines 1-16)," Defendants salaries for the year 2007, "although minimal in comparison to previous years, are nonetheless damages that are compensable under the policy." Resp. [Docket Entry 37] at 3. At

5

the June 30 hearing, Defendants fleshed out their arguments regarding the compensability of their salaries. Essentially, Defendants contend that as the sole-proprietors of this family owned business, their salaries were determined by what amount of the business's profit Defendants decided to take or claim as their own salaries at the end of the year. In 2006, Mrs. Palmer claimed $30,000 as her salary from the Olanta Royal Market. Exhibit [Docket Entry 37-1] at 4. However, in 2007, up to the time of the fire, Mr. and Mrs. Palmer had claimed only a combined $7,500. Exhibit [Docket Entry 37-1] at 2, 5. Defendants contend that they would have been able to claim, and would have actually claimed, additional salaries had the fire not occurred in September 2007. Accordingly, Defendants argue that they did suffer a compensable loss of Business Income.

Based on the above evidence and arguments, the Court finds that genuine issues of fact remain regarding whether any monies are owed to Defendants for the loss of Business Income. While the Court notes that these issues of fact appear weak, the Court is constrained by the Rules of Civil Procedure regarding summary judgment. Because this matter will ultimately be determined after a bench trial before the undersigned, the Court will deny summary judgment at this stage out of an abundance of caution. The Court notes it will have to take testimony on the other issue dealing with the amount owed on the contents loss in which there is no motion for summary judgment, and it can just as easily hear the relevant evidence concerning the business income claim at the same time.

### Conclusion

Based on the foregoing, it is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment on the issue of "Business Income" coverage is hereby **DENIED**.

Further, the Court directs the Clerk to schedule this case for trial on Wednesday, August 4, 2010, beginning at 9:30 a.m. Counsel are notified that pretrial briefs, and any motions in limine, should be electronically sent to the Court's ECF chamber's mailbox by Monday, August 2, 2010.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
July 28, 2010